Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000518
30-AUG-2011
08:50 AM

NO. CAAP-11-0000518

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
DUKE ZOLLER, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 10-1-1800)

ORDER GRANTING PLAINTIFF-APPELLEE
STATE OF HAWAII'S AUGUST 1, 2011 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Foley and Reifurth, JJ.)

Upon review of (1) Plaintiff-Appellee State of Hawaii's (Appellee) August 1, 2011 motion to dismiss Appeal No. CAAP-11-0000518 for lack of jurisdiction, (2) Defendant-Appellant Aaron M. Zoller's (Appellant) August 8, 2011 memorandum in opposition to Appellee State's August 1, 2011 motion to dismiss appellate court case number CAAP-11-0000518 for lack of jurisdiction, and (3) the record, it appears that we lack jurisdiction over the appeal that Appellant asserted from the Honorable Edward H. Kubo, Jr.'s, June 3, 2011 "Order Dismissing Case without Prejudice" (hereinafter "the June 3, 2011 dismissal order"), because the June 3, 2011 dismissal order is not appealable by a defendant in

a criminal case under Hawaii Revised Statutes (HRS) 641-11 (Supp. 2010), HRS § 641-17 (Supp. 2010), or the collateral order exception under the holding in State v. Baranco, 77 Hawai'i 351, 355, 884 P.2d 729, 733 (1994).

Rule 27 of the Hawai'i Rules of Appellate Procedure (HRAP) authorizes Appellee to file its August 1, 2011 motion to dismiss appellate court case number CAAP-11-0000518 for lack of jurisdiction. "In a circuit court criminal case, a defendant may appeal from the judgment of the circuit court, see HRS § 641-11 (1993), from a certified interlocutory order, see HRS § 641-17 (1993), or from an interlocutory order denying a motion to dismiss based on double jeopardy." State v. Kealaiki, 95 Hawai'i 309, 312, 22 P.3d 588, 591 (2001) (citation omitted). None of these three types of appeals applies to the instant case.

With respect to HRS § 641-11, "[a]ny party deeming oneself aggrieved by the judgment of a circuit court in a criminal matter, may appeal to the intermediate appellate court, subject to chapter 602 in the manner and within the time provided by the rules of the court." HRS § 641-11. "The sentence of the court in a criminal case shall be the judgment." Id. Thus, where there is "no conviction and sentence" in a criminal case, "there can be no appeal under HRS § 641-11[.]" State v. Kealaiki, 95 Hawai'i at 312, 22 P.3d at 591. In the instant case, the circuit court has not entered a conviction and sentence against Appellant. Therefore, the June 3, 2011 dismissal order is not appealable by Appellant under HRS § 641-11.

Appellant argues that the June 3, 2011 dismissal order is an appealable final order under HRS § 641-11 because the supreme court held in State v. Kalani, 87 Hawai'i 260, 262, 953 P.2d 1358, 1360 (1998); that in criminal cases, "a dismissal without prejudice is a final order [because] it terminates the current case." However, the holding in State v. Kalani applies only to appeals by the State pursuant to HRS § 641-13(1). The instant case does not involve an appeal by the State pursuant to HRS § 641-13(1). Therefore, State v. Kalani does not support Appellant's argument.

-2-

A circuit court may certify an interlocutory order for an appeal "whenever the judge in the judge's discretion may think the same advisable for a more speedy termination of the case." HRS § 641-17. The circuit court has not certified the June 3, 2011 dismissal order for an interlocutory appeal pursuant to HRS § 641-17. Therefore, the June 3, 2011 dismissal order is not appealable under HRS § 641-17.

Finally, as an exception to HRS § 641-11 and HRS § 641-17, the supreme court "hold[s] that the collateral order exception to the final judgment rule permits an interlocutory appeal of an order denying a pretrial motion to dismiss an indictment on double jeopardy grounds." State v. Baranco, 77 Hawai'i at 355, 884 P.2d at 733. The June 3, 2011 dismissal order is not an interlocutory order denying a motion to dismiss based on double jeopardy. Therefore, the June 3, 2011 dismissal order does not satisfy the collateral order exception under the holding in State v. Baranco.

Absent an appealable judgment or order, we lack jurisdiction over Appeal No. CAAP-11-0000518. Therefore,

IT IS HEREBY ORDERED that Appellee's August 1, 2011 motion to dismiss appellate court case number CAAP-11-0000518 for lack of jurisdiction is granted, and this appeal is dismissed for lack of jurisdiction.

DATED: Honolulu, Hawai'i, August 30, 2011.

Chief Judge

Associate Judge

Associate Judge

-3-